[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, for two counts of sale of narcotics by a nondrug-dependent person, in violation of General Statutes § 21a-278(b), for which the petitioner received a total, effective sentence of twenty years incarceration, execution suspended after fifteen years.
The petitioner claims, in his amended petition, that his confinement is unlawful because his appellate counsel, Attorney Richard Zayas, rendered ineffective assistance by neglecting the petitioner's appeal and allowing the appeal to be dismissed. The court finds the following facts. CT Page 10957
The petitioner is a native of the Dominican Republic, and he speaks Spanish but no English. At the times relevant to this petition he was illiterate. The petitioner was arrested for the narcotics charges, and Zayas was appointed as the petitioner's special public defender. Zayas represented the petitioner throughout his criminal trial and sentencing, which occurred on May 2, 1991. Zayas' native language is also Spanish.
After sentencing, the petitioner's sister approached Zayas and requested that Zayas represent the petitioner on his appeal from his criminal case as privately retained counsel. Zayas quoted her a legal fee of $7000 for such services plus costs. Zayas agreed to accept the $7000 fee in installment payments. The petitioner's sister gave Zayas $500 to cover the cost of procuring the transcript of the petitioner's criminal trial. Zayas filed the appeal and preliminary paperwork attendant thereto. Zayas advised the petitioner that his chances of succeeding on appeal were bleak. Sometime shortly thereafter, during a conference phone call among the petitioner, his sister, and Zayas, the petitioner and his sister indicated to Zayas that the petitioner's family was hiring an immigration lawyer to assist the petitioner in being deported. The petitioner and his family believed that the petitioner could be deported in lieu of serving the fifteen year prison term. The petitioner and his sister told Zayas to abandon the appeal. Zayas informed the petitioner that abandoning the appeal meant that the petitioner was forfeiting any opportunity to raise the issues he could have raised on appeal in the future. The petitioner still wished to abandon the appeal. No legal fee was ever paid to Zayas. Rather than file a formal withdrawal of the appeal, Zayas simply allowed the appeal to die on the vine. On December 5, 1991, the petitioner's appeal was dismissed, sua sponte, by the Appellate Court.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell CT Page 10958 below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
In his amended petition, the petitioner asserts that Zayas rendered ineffective assistance by failing to pursue the petitioner's appeal. The court has found, contrary to the petitioner's allegations, that the petitioner discharged Zayas and instructed him to discontinue the appeal. "A client has a right to discharge a lawyer at any time, with or without cause . . .," comment to Rules of Professional Conduct 1.16. Once the petitioner directed Zayas to abandon the appellate process, Zayas had no reasonable, professional duty to ignore his client's wishes and pursue the appeal. The petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Zayas' representation was deficient in the manner alleged in the amended petition.
The petition is dismissed.
Sferrazza, J.